**DE HUA ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,*** Respondent.

Nos. 07–5379–ag (L), 08–1639–ag (CON).

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Vlad Kuzmin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ernesto H. Molina Jr., Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner De Hua Zheng, a native and citizen of the People's Republic of China, seeks review of the October 31, 2007 order of the BIA denying his motion to reopen and the March 14, 2008 order of the BIA denying his motion to reconsider. *In re De Hua Zheng*, No. A070 909 368 (B.I.A. Oct. 31, 2007, Mar. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reopen and reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). Where

the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Zheng's motions.

■ The BIA reasonably found that Zheng failed to comply with the filing requirements of a motion to reconsider because his motion merely "recapitulat[ed] arguments raised in his previous motion to reopen." *See Jin Ming Liu*, 439 F.3d at 111.

The BIA also did not err in finding that Zheng failed to submit sufficient evidence of changed circumstances in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

■ While Zheng argues that the BIA's analysis of his evidence was inadequate, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao*, 546 F.3d at 169, and

will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006). The BIA also reasonably questioned the reliability of the evidence he submitted as Zheng was found to be not credible in his underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–48 (2d Cir.2007) (holding that the BIA did not abuse its discretion in denying a motion to reopen supported by allegedly unavailable evidence regarding changed country conditions where there had been a previous adverse credibility finding in the underlying asylum hearing).

■ Because the BIA reasonably found that Zheng failed to establish a material change in country conditions, and such failure provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Zheng's motion to reopen. *See Wei Guang Wang*, 437 F.3d at 273; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).